
Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 769 | **DATE** | 3/7/2002 |
| **CASE TITLE** | Bukhari vs. American Express Travel Related Services | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** The Court grants defendant's motion (Doc 5-1) to transfer this case to the United States District Court for the Southern District of New York. So ordered.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | 3/8/02 | |
| | Notified counsel by telephone. | date docketed | 7 |
| ✓ | Docketing to mail notices. | AW | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| SCT | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| YOUSEF BUKHARI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 02 C 769 |
| ) | |
| AMERICAN EXPRESS TRAVEL ) | |
| RELATED SERVICES, a New York ) | |
| Corporation, Inc., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

Before the court is defendant American Express Travel Related Services Inc.'s ("American Express") motion to transfer venue to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a). For the reasons set forth below, the motion is granted.

## BACKGROUND

The following facts are taken from plaintiff Yousef Bukhari's ("Bukhari") complaint and from American Express's brief in support of its motion. Bukhari is a resident of Saudi Arabia who purchased $150,000 in traveler's checks from American Express on August 28, 1999. American Express is a New York corporation. American

Express's principal place of business is New York, and it conducts business in Illinois. Bukhari purchased the traveler's checks in Saudi Arabia in anticipation of a trip to New York City on August 29th. Before leaving Saudi Arabia, he placed the checks in a locked briefcase. Upon arriving at his hotel in New York City, Bukhari examined the traveler's checks. After doing so, he placed the checks in his briefcase, which he then locked and placed under the bed in his hotel room.

When Bukhari went to retrieve the traveler's checks two days later, the checks were not in his briefcase. Bukhari called American Express and reported the checks missing but American Express has refused to refund Bukhari the money he paid for the traveler's check. Consequently, Bukhari filed a lawsuit against American Express in an Illinois state court. American Express subsequently filed a notice of removal. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

## DISCUSSION

American Express seeks to have this civil action transferred to the Southern District of New York pursuant to 28 U.S.C. § 1404(a). Notably, Bukhari has not filed a response to American Express's motion.

The decision to transfer an action is within the sound discretion of the trial judge. Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219 (7th Cir. 1986); Brown v. Grimm, 624 F.2d 58, 59 (7th Cir. 1980). The moving party has "the burden of establishing, by

reference to particular circumstances, that the transferee forum is clearly more convenient." Coffey, 796 F.2d at 219-20. The moving party must show that: (1) venue is proper in the transferor district; (2) the transferee court is in a district where the action may have been originally brought; and (3) transfer is for the convenience of parties and witnesses and will serve the interest of justice. Heller Financial, Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1293 (7th Cir. 1989). Because the first and second requirements are satisfied here, we turn to the third.

In deciding whether a transfer pursuant to 28 U.S.C. § 1404(a) is for the convenience of the parties and witnesses and will serve the interests of justice, the court evaluates the following factors: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof in each forum; (4) the convenience of the parties; and (5) the convenience of the witnesses. Amoco Oil Co. v. Mobil Oil Corp., 90 F. Supp. 2d 958, 960 (N.D. Ill. 2000). We consider each factor in turn.

We first consider the plaintiff's choice of forum. Although the plaintiff's choice of forum will generally be entitled to substantial weight, especially if it is the plaintiff's home forum, Vandeveld v. Christoph, 877 F. Supp. 1160, 1167 (N.D. Ill. 1995), the chosen forum is given less weight if it is not the plaintiff's home forum or if it lacks a significant connection to the claim. Countryman v. Stein, Roe & Farnham, 681 F. Supp.

479, 482-83 (N.D. Ill. 1987). Here, Bukhari does not allege or argue that his home forum is Illinois. See Plotkin v. IP Axess, Inc., 168 F. Supp. 899, 903 (N.D. Ill. 2001). Additionally, on the claim form he submitted to American Express regarding his missing checks, he wrote that his permanent address was in Saudi Arabia. Further, Illinois does not appear to have a significant connection with this case. Given these considerations, the plaintiff's choice of forum is not afforded as much weight as it otherwise would in a transfer of venue analysis.

Second, we must determine the situs of material events in this case. Here, the situs of material events is clearly New York. Bukhari fails to allege any facts or events underlying this cause of action that took place in Illinois. Indeed, the only event that Bukhari alleges that took place outside of New York – Bukhari's purchase of the checks – occurred in Saudi Arabia. Bukhari fails to allege facts or material events that take place in Illinois. Accordingly, this factor militates in favor of transfer.

Third, we consider the ease of access to sources of proof. Bukhari does not specify any evidence that might be found in Illinois. In contrast, American Express points out that the source of most of the evidence in this case – the hotel where Bukhari was keeping his checks – is in New York. Additionally, because New York is American Express's principal place of business, both parties will have greater access

to defendant's pertinent business records. Thus, this factor also weighs in favor of transferring the case to the Southern District of New York.

So does consideration of the convenience of the parties and witnesses. Bukhari's residency does not add much to this analysis because, regardless of whether this case is litigated in the Southern District of New York or in the Northern District of Illinois, Bukhari will have to travel a great distance for he resides in Saudi Arabia. New York is a more convenient location for American Express than Illinois, as its headquarters is located in New York. In addition, American Express asserts that it will likely call witnesses from its New York headquarters. American Express further asserts that it will likely call security personnel and hotel staff from the hotel in New York that Bukhari was staying in when the checks were allegedly taken. Moreover, there is a possibility that New York City police officers may be called as witnesses. Therefore, consideration of the convenience of the parties and witnesses supports American Express's motion to transfer.

Finally, we determine whether transferring the case is in the interests of justice. This analysis "focuses on the efficient administration of the court system, rather than the private considerations of the litigants." Amoco Oil Co., 90 F. Supp. 2d at 961; Coffey, 796 F.2d at 221. Factors to be considered include: (1) the speed at which the trial will progress; (2) the court's familiarity with the applicable law of the cause of

action; (3) the connection of the community to the cause of action at issue; and (4) the desirability of resolving controversies in their locale. Amoco Oil Co., 90 F. Supp. 2d at 962.

On balance, these factors support transferring the case to the Southern District of New York. First, New York law will likely govern the outcome in this contract case and issues of local law are best adjudicated by courts most familiar with them. Hotel Constructors, Inc. v. Seagrave Corp., 543 F. Supp. 1048, 1050 (N.D. Ill. 1982). Second, the New York community has a strong connection to this case. As explained above, the material events upon which this lawsuit is based occurred in New York. Furthermore, American Express is a New York corporation. Thus, transferring the case to the Southern District of New York is in the interest of justice.

On balance, consideration of all the factors this court must consider in deciding wether to transfer this case indicates that transfer is appropriate.

## CONCLUSION

For the foregoing reasons, the court grants defendant's motion to transfer this case to the United States District Court for the Southern District of New York.

/s/ Charles P. Kocoras
Charles P. Kocoras
United States District Judge

Dated: March 7, 2002